**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PRESTON KENT LONG and
SIMONA LONG, husband and wife,
individually and next friends of S.L.,
a minor,

      Plaintiffs - Appellees,

v.

OFC. ANDREW FULMER,
individually;

      Defendant - Appellant.

HCA HEALTH SERVICES OF
OKLAHOMA, INC., dba OU
MEDICAL CENTER, dba THE
CHILDREN'S HOSPITAL and
WOMEN'S SERVICES AT OU
MEDICAL CENTER; STEVE NOLES,
individually; STATE OF
OKLAHOMA, ex rel. The Board of
Regents of the University of
Oklahoma; CH. ED WELCH,
individually; and CPT. TERRY
SCHOFIELD, individually,

      Defendants.

No. 13-6156

(D.C. No. 5:12-CV-00957-HE)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Officer Andrew Fulmer, an employee of the University of Oklahoma Health Sciences Center Police, appeals the denial of his motion to dismiss the 42 U.S.C. § 1983 claim against him and others, on the ground of qualified immunity. Finding Officer Fulmer was not entitled to qualified immunity, the district court declined to dismiss the charge against him, which was based on the allegation that he had violated plaintiff and appellee Preston Long's constitutional rights by using excessive force in arresting him. For the following reasons, we affirm.

## BACKGROUND

On approximately May 18, 2010, Preston and Simona Long, along with their minor daughter, S.L., went to the emergency department at the Children's Medical Center at the University of Oklahoma because S.L. was having a seizure. At some point, Preston went to the cafeteria to get something to eat and drink. He

says that there was no clear indication that the cafeteria was closed or that it was somehow off limits to visitors/invitees to the Medical Center.

Preston then attempted to check out of the cafeteria with various food items. He apparently got into some sort of disagreement with Steve Noles, whom it is believed to have been the cafeteria manager and an agent of the Medical Center. Mr. Noles then requested assistance form the University of Oklahoma Health Sciences Center Police Department. In response to that request, Defendant Fulmer and another officer arrived to help.

Officer Fulmer arrived wearing his full police uniform, including his badge. He attempted to place Preston under arrest, apparently on the ground that he (Preston) had disagreed with Mr. Noles. The allegations against Preston amounted to misdemeanor theft, in violation of Okla. Stat. tit. 22 § 196. Preston claimed he had done nothing wrong. Officer Fulmer then grabbed Preston and instructed him to submit to arrest, and he attempted to physically restrain Preston. At one point, Preston's shoulder became separated. Preston was ultimately arrested and then charged with a misdemeanor, which was subsequently dismissed by the prosecutor "in the interest of justice."

On May 17, 2012, the Longs (Preston and his wife and daughter) filed the instant petition in the Oklahoma County District Court, alleging twelve causes of action against the University, four of its police officers, and other non-University defendants. The action was subsequently moved to federal district court. The

-3-

twelve causes of action were: (1) Deprivation of rights under 42 U.S.C. § 1983 by means of "deliberate indifference" on the part of the University, Police Chief Ed Welch, and Police Captain Terry Schofield; (2) Excessive Force and Unreasonable Seizure by Officer Fulmer, in violation of the Fourth Amendment; (3) Intentional Infliction of Emotional Distress; (4) loss of spousal consortium; (5) loss of parental consortium; and (6) punitive damages against Officer Fulmer and the other non-University defendants.

On December 17, 2012, the University moved to dismiss. Plaintiff Preston Long objected on January11, 2013. The University and its Officers filed a reply. On June 17, 2013, the district court entered an order granting the motion to dismiss in favor of the University and two of its officers. The district court denied, however, Officer Fulmer's qualified immunity defense as to Mr. Long's excessive force claims brought through 42 U.S.C. § 1983 and the related punitive damages request. This appeal from that denial followed.

## DISCUSSION

The sole question presented in this appeal is whether the district court correctly found that Office Fulmer is not entitled to qualified immunity regarding the claim that he used excessive force to arrest Mr. Long. We first note that we have jurisdiction over this appeal: "[a]lthough an order denying a motion to dismiss based on qualified immunity is not a final judgment, this court has

jurisdiction under 28 U.S.C. § 1291 to review the order "'to the extent that it turns on an issue of law.'" Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013) (quoting Mitchell v. Forsyth, 472 U.S. 511, 530 (1985)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, "all well-pleaded allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Brown v. Montoya, 662 F.3d 1152, 1162 (10th Cir. 2011). Furthermore,"[i]n resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. at 1164; see also Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996) (stating that to overcome a qualified immunity defense, a plaintiff must first assert a violation of a constitutional or statutory right and then show that the right was clearly established).

Mr. Long claims that Officer Fulmer violated his constitutional right to be free from an unreasonable seizure based on the claim that Officer Fulmer used excessive force in arresting Mr. Long. As the district court noted, "[t]he inquiry is not whether the general right to be free from excessive force is clearly established—which it is—but whether plaintiff Preston Long had a clearly

-5-

established right under the particular facts of this case." Order at 9, Appellant's App. at 102.

In resolving the excessive force question, courts consider and balance three factors: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to flee." Morris v. Noe, 672 F.3d 1185, 1195 (10th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). The district court carefully analyzed each factor:

> [P]laintiffs allege that Preston Long got into a disagreement with the cafeteria manager at HCA and that manager requested assistance from the OUPD as a result. Plaintiffs allege Officer Fulmer and another officer came to the scene and that Officer Fulmer proceeded to place plaintiff under arrest for what were at most misdemeanor offenses. Plaintiffs allege that Preston Long "protested and pulled away, asserting again that he had committed no crime." Then, according to the facts alleged in the Amended Complaint, "[Officer] Fulmer . . . tackled Plaintiff Long to the ground leveraging against Plaintiff, P. Long's left arm to the point of separation in the shoulder."

Order at 7-8 (quoting Compl. at 4, Appellant's App. at 100-01). The district court then applied the appropriate review standard: "Taking these allegations [in the Complaint] as true, the first Graham factor weighs slightly in favor of plaintiff's favor, as he was being arrested for a nonviolent misdemeanor." Id. at 8. Cf. Morris, 672 F.3d at 1195 (holding that the first factor weighed "slightly" in the defendant officer's favor, even though the plaintiff was arrested only for a misdemeanor assault, in light of the fact that "[a] forceful takedown or 'throw

-6-

down' may very well be appropriate in arrests or detentions for assault, especially if the officer is trying to prevent an assault.").

With respect to the second and third <u>Graham</u> factors, the district court found:

> There are no allegations that plaintiff posed any threat to the safety of the officers or others, so the second factor also weighs in favor of plaintiff. Finally, the third factor weighs slightly in Officer Fulmer's favor, as plaintiff alleges he "protested and pulled away"; however, in the light most favorable to plaintiff, plaintiff has alleged only minimal resistance. On the other hand, the amount of force allegedly used by Officer Fulmer was considerable.

<u>Id.</u> The court therefore concluded that, "[a]lthough it may well be that the development of the facts of this incident will reveal otherwise, for the purposes of this motion, plaintiffs have pled enough to plausibly indicate that the amount of force used by Officer Fulmer was not objectively reasonable in light of the facts and circumstances confronting him." <u>Id.</u> at 8-9. The court accordingly determined that Preston Long had plausibly alleged an excessive force violation, for purposes of the first step of the qualified immunity analysis. We agree with that analysis.

The district court next considered whether Mr. Long had sufficiently alleged the second step of the qualified immunity analysis—whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation [confronting the officer]." <u>Morris</u>, 672 F.3d at 1196. The "question of whether a right is clearly established must be answered 'in light of the specific context of

-7-

the case, not as a broad general proposition.'"  Id. (quoting Saucier v. Katz, 533

U.S. 194, 201 (2001)).  "Ordinarily, in order for the law to be clearly established,

there must be a Supreme Court or Tenth Circuit decision on point, or the clearly

established weight of authority from other courts must have found the law to be as

the plaintiff maintains."  Klen v. City of Loveland, Colo., 661 F.3d 498, 511

(10th Cir. 2011).  But, "because the existence of excessive force is a fact-specific

inquiry, . . . 'there will almost never be a previously published opinion involving

exactly the same circumstances.'"  Morris, 672 F.3d at 1196 (quoting Casey v.

City of Fed. Heights, 509 F.3d 1278, 1284 (10th Cir. 2007)).  Accordingly, our

court has adopted a sliding scale:  "The more obviously egregious the conduct in

light of prevailing constitutional principles, the less specificity is required from

prior case law to clearly establish the violation."  Pierce v. Gilchrist, 359 F.3d

1279, 1298 (10th Cir. 2004).

The district court analyzed this case in light of our recent Morris decision:

> In Morris, the Tenth Circuit held that it had found no cases
> involving the type of force in that case —"a forceful takedown that
> by itself caused serious injury"—but that in light of the Graham
> factors, it was clearly established that a forceful takedown was not
> justified against a nonviolent misdemeanant who was not actively
> resisting.

Order at 9 (quoting Morris, 672 F.3d at 1197-98); see also Casey, 509 F.3d at

1280, 1282-84 (holding that an excessive force violation was clearly established

under the Graham factors in a situation where an officer "jumped on" a

nonviolent misdemeanant after he moved his arm and started to walk away from the officer's arm-lock where he was moving towards the courthouse.). We thus agree with the district court that "it is plausible, in light of the facts alleged here, that plaintiff's right to be free from a forceful takedown in this situation, even where he exercised some resistance, was clearly established under <u>Graham</u>." <u>Id.</u> at 10 (footnote omitted).[1]

In short, the district court carefully and thoroughly analyzed the qualified immunity question and concluded that Mr. Long had plausibly alleged a violation of his constitutional right to be free from excessive force and had plausibly stated a basis for denying Officer Fulmer qualified immunity at this stage. We agree with that analysis and adopt it here.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of the defendants' motion to dismiss the § 1983 claim against Officer Fulmer in his individual capacity, and the related punitive damages request.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]As the district court further noted, "[c]learly, the amount of resistance actually exercised could change this analysis. At this point, all the court can rely on is the pleading that states that plaintiff 'pulled away.'" Order at 10, n.5.